UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KERRY J. CONWAY                    CIVIL ACTON NO. 6:15-cv-02605

VERSUS                             JUDGE DOHERTY

MITCH POMMIER, ET AL.              MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Currently pending before the court are defendant Mitch Pommier's motions to set aside preliminary default and for a more definite statement of allegations. (Rec. Doc. 42). The motions are unopposed. (Rec. Doc. 53). The motions were referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion to set aside the entry of default be granted and the motion for a more definite statement be denied.

## Background

In his complaint (Rec. Doc. 1-2 as amended by Rec. Doc. 17), plaintiff Kerry J. Conway alleged that, on June 27, 2014, he was detained by two Town of Erath police officers while a third police officer punched him. He sued the Town of Erath and the three officers – Mitch Pommier, Jeff Vincent, and Tristan Bouillion. He also

sued Eddie's One Stop, Inc., alleging that the incident occurred at that place of business and the employee on duty refused him aid.

Although the plaintiff did not identify the specific federal statute under which his suit was being brought, Eddie's removed the action with the consent of the three police officers, alleging that a cause of action was stated under 42 U.S.C. §§ 1981 and 1983.

The plaintiff filed a petition for damages in state court in June 2015.  (Rec. Doc. 1-2 at 1-4).  Eddie's was served in September 2015 (Rec. Doc. 1-2 at 1), and removed the action less than thirty days later (Rec. Doc. 1).  Pommier was also served in September 2015.  (Rec. Doc. 6-5 at 1).  However, no answer or other responsive pleadings were filed by Pommier prior to the filing of the instant motions and answer. On December 20, 2016, the plaintiff filed a request for entry of default against Pommier and others under Fed. R. Civ. P. 55(a).  (Rec. Doc. 31).  The plaintiff then requested an extension of time in which to take a default (Rec. Doc. 32), which was granted (Rec. Doc. 34).  On December 27, 2016, the Clerk of Court issued a notice of entry of default against Pommier and the other two individual defendants (Rec. Doc. 37), which states that a default judgment may be issued fourteen days after the issuance of the notice upon the plaintiff's filing of a motion for such a judgment.  No motion for a default judgment was filed.  However, on January 10, 2017, Pommier

filed the instant motion, which seeks to have the entry of default set aside and to have the plaintiff provide a more definite statement of his allegations against Pommier. (Rec. Doc. 42). The same document also includes Pommier's answer to the plaintiff's complaint. A separate motion to set aside the default was filed by Bouillion and Vincent (Rec. Doc. 46), and it was granted (Rec. Doc. 50). After obtaining leave, Pommier filed a supplemental memorandum (Rec. Doc. 53) in support of the instant motion to set aside the default and represented that there is no opposition to that motion. The supplemental memorandum does not state whether the plaintiff opposes the motion for a more definite statement. However, no opposition brief was filed within the twenty-one day period allotted for opposing motions. Accordingly, both motions are unopposed.

## Law and Analysis

### A.    The Motion to Set Aside the Entry of Default

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law.[1] This first step, entry of a default, is a ministerial matter performed by the clerk, and is a prerequisite to a later default judgment. A default judgment may be entered by the clerk of court if the claim is for a sum certain or a sum that can be made certain by calculation, but in all

---

[1]    See Fed. R. Civ. P. 55(a).

other cases may be entered by the court on the motion of the plaintiff.[2]  In this case, the plaintiff has not prayed for the recovery of a sum certain or a calculable amount of damages nor has the plaintiff requested that a judgment of default be entered against the defendants.  However, the defendants have requested that the clerk's entry of default be set aside.

The Fifth Circuit generally disfavors default judgments and favors resolving cases on their merits.[3]  In fact, "[d]efault judgments are a drastic remedy. . . resorted to by courts only in extreme situations,"[4] and a party is not entitled to a default judgment merely because the defendant is technically in default.[5]

An entry of default may be set aside if the party seeking relief shows good cause.[6]  The decision lies within the sound discretion of the district court,[7] and the district court should consider whether the default was willful, whether setting it aside

---

[2]     Fed. R. Civ. P. 55(b).

[3]     See, e.g., *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Rogers v. Hartford Life & Accident Ins. Co*., 167 F.3d 933, 936 (5th Cir. 1999).

[4]     *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

[5]     *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

[6]     Fed. R. Civ. P. 55(c).

[7]     *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).

would prejudice the adversary, and whether a meritorious defense is presented.[8]
These factors are neither talismanic nor exclusive, and other factors may be
considered,[9] including whether "the defendant acted expeditiously to correct the
default."[10]  However, it is not always necessary for the district court to consider all
of these factors since a willful failure to respond to the complaint, standing alone,
may constitute sufficient cause for the court to deny a motion to set aside entry of
default.[11]  Thus, "the requirement of good cause has generally been interpreted
liberally."[12]

In this case, this Court finds that there is good cause to set aside the clerk's
entry of default.  There is no evidence that Pommier's delay in answering the
complaint was willful.  He argued that the delay was attributable to his confusion
about whether the Town of Erath would provide him with a defense and the

---

[8]     *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992); *United States v. One Parcel of Real Property*, 763 F.2d at 183.

[9]     *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d at 64; *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

[10]     *Lacy v. Sitel Corp.*, 227 F.3d at 292; *In re Dierschke*, 975 F.2d at 184.

[11]     *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d at 64; *In re Dierschke*, 975 F.2d at 184-85.

[12]     *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)).

-5-

consequential delay in obtaining counsel, which was complicated by his alleged lack of financial means to retain counsel.  No evidence was presented to refute the reasons articulated by Pommier, and there is some jurisprudential authority for the proposition that a lack of counsel due to financial difficulties constitutes good cause for setting aside an entry of default.[13]  Accordingly, this Court finds that Pommier's lack of counsel due to financial difficulties, which was remedied with the filing of the instant motion, constitutes good cause and recommends that the Clerk of Court's entry of default be set aside.

## B.   The Motion for a More Definite Statement

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances that gave rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.[14]  A motion for more definite statement, under Rule 12(e) of the Federal Rules of Civil Procedure, is appropriate "[i]f a pleading fails to specify the allegations in a manner that provides

---

[13]     *Allen Russell Pub., Inc. v. Levy*, 109 F.R.D. 315, 318 (N.D. Ill. 1985).

[14]     *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999), citing *General Star Indemnity, Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950. (5th Cir. 1999).

sufficient notice."[15]   Thus, when a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response, the defendant is permitted to file such a motion.

Motions for a more definite statement are "generally disfavored"[16] and are "granted sparingly."[17]   Although a party may employ Rule 12(e) to enforce the minimum requirement of Rule 8's notice pleading, Rule 12(e) is not a substitute for discovery and should not be granted when the defendant is complaining about matters that can either be clarified or developed during discovery  Indeed, "a motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery."[18]

---

[15]        *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[16]        § 1377 Motion for a More Definite Statement—Current Practice Under Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1377 (3d ed.)

[17]        § 1376 Motion for a More Definite Statement—Scope of Amended Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1376 (3d ed.)

[18]        *Brown v. Maxxam, Inc*., No. 90–1468, 1991 WL 13918, at *2_ (E.D. La. Jan. 28, 1991), affirmed, 993 F.2d 1543 (5th Cir. 1993), citing *Mitchell v. E-Z Way Towers, Inc*., 269 F.2d 126, 132 (5th Cir. 1959).

When a party moves for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading.[19]

In this case, Pommier complains that a more definite statement of the plaintiff's allegations should be required, but he also answered the plaintiff's complaint. A more definite statement is required only when the complaint is so vague that an answer is not possible. Thus, by answering the complaint, Pommier refuted his own argument, and it is consequently recommended that the motion for a more definite statement be denied.

What Pommier actually seems to be arguing is "that subject matter jurisdiction in this Court may very well be lacking as a matter of law." (Rec. Doc. 42-1 at 12). More particularly, Pommier argues that the facts alleged in the complaint are insufficient to establish a federal-law cause of action. (Rec. Doc. 42-1 at 15). These arguments should more properly be presented in a motion to remand rather than in a motion for a more definite statement. This Court is also concerned about whether subject-matter jurisdiction exists. Therefore, a separate *sua sponte* order will be issued, requiring the parties to address the issue of subject-matter jurisdiction.

---

[19]     *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d at 130.

## CONCLUSION

For the foregoing reasons, it is recommended that the court exercise its discretion, grant the motion to set aside default, and set aside the clerk of court's entry of default as to Mr. Pommier.  Furthermore, for the foregoing reasons, it is recommended that Mr. Pommier's motion for a more definite statement of the plaintiff's allegations be denied.  The court's subject-matter jurisdiction will be addressed in a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on February 1, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE