UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KERRY J. CONWAY                              CIVIL ACTON NO. 6:15-cv-02605

VERSUS                                       JUDGE DOHERTY

MITCH POMMIER, ET AL.                        MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

This Court recently undertook a *sua sponte* evaluation of subject-matter jurisdiction in this case.  Having concluded that the court lacks subject-matter jurisdiction over this action, this Court now recommends that this case be remanded to the 15th Judicial District Court, Vermilion Parish, Louisiana.

### Background

In his complaint (Rec. Doc. 1-2 as amended by Rec. Doc. 17), plaintiff Kerry J. Conway alleged that, on June 27, 2014, his arms were held by two Town of Erath police officers while a third police officer punched him.  He sued the Town of Erath and the three officers – Mitch Pommier, Jeff Vincent, and Tristan Bouillion.  He also sued Eddie's One Stop, Inc., alleging that the incident occurred at that place of business and the employee on duty refused to assist him.  Although the word "battery" does not appear in the plaintiff's original or amended petitions, it is clear

that the plaintiff articulated a claim for battery under Louisiana state law as well as a separate claim against Eddie's for failing to assist him during and after the battery.

The plaintiff's petition, as amended, did not identify any specific federal statute under which his suit was being brought.  Nevertheless, Eddie's removed the action with the consent of the three police officers, alleging that the court has federal question jurisdiction because a cause of action was implicitly stated under 42 U.S.C. §§ 1981 and 1983.

On February 1, 2017, this Court issued a *sua sponte* briefing order, requiring each party to file a memorandum addressing the court's subject-matter jurisdiction and citing the reasons, supported by statutory or jurisprudential authority, why the court does or does not have subject-matter jurisdiction over this action.  (Rec. Doc. 55).  Responsive briefs were filed by the Town of Erath (Rec. Doc. 57), Mitch Pommier (Rec. Doc. 61), and Eddie's One Stop, Inc. (Rec. Doc. 59), all of whom argued that the court has subject-matter jurisdiction because the plaintiff's complaint states a federal question.  The plaintiff's response to the briefing order simply states that he has no objection to this matter being remanded to state court where it was originally filed.  (Rec. Doc. 62).  This Court interprets the plaintiff's statement as embodying an argument that the court lacks subject-matter jurisdiction.

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1]  Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3]  For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[4]  "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[5]  The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[6]  The party invoking subject-matter jurisdiction in

---

[1]    *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[2]    28 U.S.C. § 1331.

[3]    28 U.S.C. § 1332.

[4]    *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[5]    *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[6]    *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

-3-

federal court has the burden of establishing the court's jurisdiction.[7]  When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal jurisdiction exists.[8]  Accordingly, the defendants in this case have the burden of establishing that the court has subject-matter jurisdiction.  A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject-matter jurisdiction.[9]  Indeed, a federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case.[10]

Under the "well-pleaded complaint" rule, an action arises under federal law "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[11]  A federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[12]  Thus,

---

[7]     *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[8]     *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[9]     See 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

[10]    *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

[11]    *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[12]    28 U.S.C. § 1331.

a federal question is presented when the complaint invokes federal law as the basis for relief.  A sufficient basis for federal-court jurisdiction is not presented, however, if the facts alleged in support of an asserted state-law claim would also support a federal complaint.

A plaintiff is the master of his own complaint.[13]  For that reason, a plaintiff may choose to forego available federal-law claims in order to avoid removal from state court.[14]  "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating defendant's opportunity to remove."[15]  Even in a situation where both federal and state remedies are available on a given set of facts, there is no basis for removal on the basis of a federal question if the plaintiff elects in his state-court petition to proceed exclusively under state law.[16]  "[T]he paramount policies embodied in the well-pleaded complaint rule [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims

---

[13]     *Caterpillar Inc. v. Williams*, 482 U.S. at 392; *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d at 366).

[14]     *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Caterpillar Inc. v. Williams*, 482 U.S. at 398-99.

[15]     *Medina v. Ramsey Steel Co.*, 238 F.3d at 680 (internal quotation marks omitted) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d at 366).

[16]     *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).

based on federal law, choose to have the cause heard in state court."[17]  These policies protect the proper balance of power between federal and state courts by favoring narrow construction of removal jurisdiction.

In this case, it is undisputed that the plaintiff did not identify any federal statute in his original or amended petitions.  But the defendants contend that the petition, as amended, states a claim under 42 U.S.C. § 1983 – the procedural vehicle by which violations of the United States Constitution are typically presented – because (1) the plaintiff alleged that the police officer defendants "were acting on the color of state law," (2) the plaintiff alleged that the motive for the beating was anger over African Americans shooting a police officer, (3) the plaintiff stated that he seeks to recover damages under "all federal, state[,] and local laws with regards to hate crimes and intentional torts," and (4) the plaintiff seeks to recover punitive damages.  Pommier submitted evidence beyond the content of original and amended petitions.  This Court declines to consider that evidence in deciding the issue now before it because, as recently noted by a sister court, "[w]hether the district court has jurisdiction can be determined from the 'face of the plaintiff's well-pleaded complaint' – from the pleading itself, without the requirement of evidence or a merits inquiry."[18]

---

[17]   *Caterpillar Inc. v. Williams*, 482 U.S. at 398-99.

[18]   *Valtech Solutions, Inc. v. Davenport*, No. 3:15-CV-3361-D, 2016 WL 3926504, at *2 (N.D. Tex. July 15, 2016).

This Court finds the defendants' arguments to be unpersuasive.  There is no federal statute cited in the plaintiff's petition.  More particularly, the plaintiff's claim is not articulated as being governed by 42 U.S.C. § 1983 – the procedural vehicle by which violations of the United States Constitution are typically presented, nor did the plaintiff identify any amendment to the United States Constitution that he alleges was violated by the defendants' conduct.  Therefore, nothing in the petition shows that the plaintiff is asserting any claims founded upon federal law rather than state law.

Even when a complaint fails to expressly assert a claim based on the violation of a federal statute, a federal question is presented if the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.[19]  To determine whether resolution of a substantial question of federal law is necessary, a district court must consider whether:  (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.[20]  In this case, however, the plaintiff's claims are amenable to resolution under state law, and it is not necessary to address a federal issue in order to effectively resolve the state-law claims.  No federal issue

---

[19]     *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008).

[20]     *Singh v. Duane Morris LLP*, 538 F.3d at 338.

has been raised or is actually disputed, and no federal issue is substantial.  Therefore, it is not necessary to reach the issue of whether the imposition of federal jurisdiction would disturb the balance of federal and state judicial responsibilities.  As the plaintiff suggested, he has asserted only claims based on and arising out of state law that can be resolved without the necessity of addressing any federal laws or issues.

A plaintiff may avoid federal jurisdiction by exclusively relying on state law, even when a federal claim is also available.[21]  A federal claim does not exist simply because the facts set forth in the complaint suggest such a claim, and a federal claim does not exist simply because the plaintiff failed to expressly deny such a claim in his complaint.  Instead, the well-pleaded complaint rule requires that the federal claim be readily apparent from the manner in which the plaintiff, as the master of his own complaint, pleaded his theory of recovery.

The defendants argued that the use of the words "acting on color of state law" in the plaintiff's petition demonstrates that the plaintiff asserted a claim under 42 U.S.C. § 1983.  Section 1983 does not create substantive rights;[22] it is a procedural rule that provides a private cause of action for redressing a violation of federal law.

---

[21]     *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772-73 (5th Cir. 2003).

[22]     *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).

Therefore, an underlying constitutional or statutory violation is a predicate to liability under Section 1983.[23]  In fact, three elements must be established in a Section 1983 action:  (1) deprivation of a right secured by federal law, (2) that occurred under color of state law, and (3) was caused by a state actor.[24]  Although the words "color of state law" may be a term of art when a claim is asserted for violation of a person's rights secured by the United States Constitution, they can also be used in other contexts and assigned their commonly used definitions.  Furthermore, even though the plaintiff suggested that the beating he allegedly received might have been racially motivated, the plaintiff did not identify any federal constitutional or statutory provision that the defendants allegedly violated.  Finally, at least one of the defendants – Eddie's – is not alleged to have been a state actor or acting under color of law at any relevant time.  Therefore, this Court finds that the plaintiff's use of the words "color of state law" did not convert his state-law battery claim into a federal-law claim based on the deprivation of constitutional protections.

The defendants argued that the plaintiff's reference to federal hate crimes and intentional torts is sufficient to establish the court's subject-matter jurisdiction. Although defendant Pommier argued that the court has subject-matter jurisdiction

---

[23]    *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989).

[24]    *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

over this action, he also argued that "there are no federal statutes creating private tort actions for victims of 'hate crimes,' nor do federal common law 'tort' statutes exist, intentional or otherwise.  Rather, tort law is purely a creature of state law."  (Rec. Doc. 58 at 3).  The Town of Erath also argued that federal hate crime laws do not provide a private right of action and do not establish federal question jurisdiction.  (Rec. Doc. 57 at 6).  Therefore, this Court is not persuaded that the mere mention of federal hate crimes in the plaintiff's petition is sufficient to create federal question jurisdiction.

The defendants argued that the plaintiff's allegation concerning the defendants' motivation for the alleged beating supports the conclusion that he is seeking to vindicate rights secured by the United States Constitution.  But that is purely speculative since the plaintiff did not identify – or even mention – a single constitutional provision in his original or amended petitions.  A federal question claim must appear on the face of the complaint.  This Court finds that there is no such claim on the face of the plaintiff's complaint.

Finally, the Town of Erath argued that the plaintiff's prayer for the recovery of punitive damages mandates a finding that he has asserted a claim within the federal question jurisdiction of the court.  As the Fifth Circuit has noted, however, "subject matter jurisdiction seldom depends on the precise relief sought.  The caboose does not

run the train."[25]  In other words, it is the factual allegations set forth in the complaint and not the nature of the relief sought in the plaintiff's prayer that determines whether a federal question has been stated.  Therefore, the plaintiff's prayer for punitive damages is immaterial to the question now before this Court.

To establish federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."[26]  In this case, however, the plaintiff has not articulated a claim having any such element.  Accordingly, this Court finds that the plaintiff has alleged only state-law claims in his petition and has not alleged any claim arising under the Constitution, laws, or treaties of the United States; therefore, the court lacks subject-matter jurisdiction over this action.

## CONCLUSION

For the foregoing reasons, it is recommended that this action be remanded to the 15th Judicial District Court, Vermilion Parish, Louisiana for lack of subject-matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

---

[25]      *Mungin v. Florida East Coast Ry. Co*., 416 F.2d 1169, 1175 (5th Cir. 1969).

[26]      *Venable v. Louisiana Workers' Compensation Corp*., 740 F.3d 937, 943 (5th Cir. 2013) (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936))

report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on February 21, 2017.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE